UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KATE CONROY,

                Plaintiff,

                                     ***CLASS ACTION***

          *-against-*                       ***COMPLAINT***

CREDITORS FINANCIAL GROUP, LLC,           08-cv-6250

                  Defendant.
---------------------------------------------------------------X

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, CREDITORS FINANCIAL GROUP, LLC., alleges as follows:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2.    Plaintiff is a citizen of the City and State of New York who resides within this District.

3.    Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Aroura, Colorado.

## JURISDICTION

4.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the defendant conducts a business, the nature of which subjects the corporation to jurisdiction in this district and the transactions that give rise to this action occurred, in substantial part, in this district.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS

5.      Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6.      That a personal debt was allegedly incurred by the plaintiff to Chase Bank.

7.      That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8.      Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

9.      Plaintiff received several telephone calls and voicemail communication from the Defendant.

10.     Upon information and belief, on or about January 13, 2008, defendant called plaintiff's telephone and unlawfully entered into her voicemail box, invading her privacy, and obtaining telephone number and contact information of friends, relatives, and business contacts of the plaintiff.

11.     Subsequent to defendant agent's unlawful breach into plaintiff's voicemail box, plaintiff was unable to access her voicemail messages and had to enter her zip code and/or social security code to reset her security code and access her voicemail.  It was then that plaintiff discovered that defendant's agent was able to make the unlawful breach and access various contact information in patients mobile phone.

12.     On or about January 14, 2008, defendant's employee contacted plaintiff's friend, Ann Kirchoffer, and left a voice message identifying himself only as "Nicholas Villafranca" and requested that plaintiff or her "legal counsel" contact him immediately.

13.     That Mr. Villafranca did not identify himself as a debt collector.

14.     That on or about February 22, 2008, defendant's employee contacted plaintiff by voice

message.  Defendant's employee identified himself as "Nicholas Villafranca" and said that it was necessary that he speak with the "**plaintiff or her legal representative**" immediately.  Mr. Villafranca did not identify himself as a debt collector.

15.    On or about the same period of time that Mr. Villafranca left the previous two messages Mr. Villafranca contacted another of the plaintiff's friends, namely one Judy Rosen, and left a similar voice message for the plaintiff indicating that plaintiff would require legal counsel to return the call to the defendant.

16.    That the managers instructed that the call be returned to a number belonging to the defendant.

17.    That plaintiff then called the number that was left on Ms. Rosen's and Ms. Kirchoffer's voicemail and spoke with a "Mike" and when plaintiff asked for the address Mike transferred her to a supervisor, "Mr. Ebert", who yelled at plaintiff, referred to various information from her credit report in a threatening manner, and refused to give requested address, or any identification information regarding the defendant's company, and hung up on plaintiff, terminating the call.

18.    That the defendant has violated 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that communications to the consumer were from a debt collector attempting the collect a debt which constitutes a deceptive practice.

19.    That the defendant has violated 15 U.S.C. §§ 1692c(3)b in that defendant made unauthorized communications with third parties relating to plaintiff consumer's debt collection activity.

20.    That the defendant's agents regularly fail to advise consumers that they are debt collectors attempting to collect a debt, and defendant has failed to take reasonable

measures in this regard.

21. That said communications contain language demonstrating false statements and deceptive representations, unlawful threats implying that some legal action is imminent and requiring legal counsel, and misleading and overshadowing language which contradicts the consumers rights.

22. That the defendant intentionally and knowingly causes these false, misleading and threatening telephone calls on a mass scale for sole purpose of harassing consumers.

23. That defendant's telephone communications are regularly placed by defendant's agents in an effort to compel payment of debts by means of coercion and duress.

24. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections(c), (d), (e), (f), and (g) in that the communications and representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of her legal rights as required by law and unlawfully disclose the consumers debt to third parties.

25. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less than $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

**Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.**

26.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-25 as if set forth fully in this cause of action.

27.    This cause of action is brought on behalf of plaintiff and the members of a class.

28.    The class consists of consumers who received messages from the defendant which did not set forth that the call was a communication from a debt collector.

29.    The Class consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives failing to set forth that the message was from a debt collector similar to the messages for the plaintiff as cited above and (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10), 1692e(11), and/or 1692c(3)b.

30.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

   (C) The only individual issue is the identification of the consumers who received the phone messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

   (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

31.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

32.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33.    Voice messages, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this

(c)    action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: June 25, 2008

New York, New York

___s/_____
Amir J. Goldstein (AG-2888)
Attorney at Law
591 Broadway, Suite 3A
New York, New York 10012
212.966.5253 tel.
866.288.9194 fax

Plaintiff requests trial by jury on all issues so triable.

____s/_____
Amir J. Goldstein  (AG-2888)